LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

FRANCISCO JAVIER ARELLANO,
*on behalf of himself and*
*FLSA Collective Plaintiffs*,

       Plaintiff,

  v.

FAMOUS CORNER, INC. d/b/a GRILL POINT,
JOHN DOE CORPORATION,
and SHLOMO SELA,

       Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff FRANCISCO JAVIER ARELLANO, (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, FAMOUS CORNER, INC. d/b/a GRILL POINT, JOHN DOE CORPORATION (together, the "Corporate Defendants") and SHLOMO SELA (collectively, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District, pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff FRANCISCO JAVIER ARELLANO is a resident of Bronx County, New York.

6. Upon information and belief, Defendant FAMOUS CORNER, INC. d/b/a GRILL POINT is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 69-54 Main St., Flushing, NY 11367.

7. Upon information and belief, Defendant JOHN DOE CORPORATION is a domestic business corporation organized under the laws of New York.

8. Defendant SHLOMO SELA is the Chairman or Chief Executive Officer of Defendant, FAMOUS CORNER, INC. d/b/a GRILL POINT. Defendant SELA exercised control over the terms and conditions of Plaintiff's employment and those of the FLSA Collective Plaintiffs. With respect to Plaintiff and the other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiff was hired, and his employment was terminated, directly by Defendant SELA.

9. FAMOUS CORNER, INC. d/b/a GRILL POINT and JOHN DOE CORPORATION operate as a single integrated enterprise. FAMOUS CORNER, INC. d/b/a GRILL POINT and JOHN DOE CORPORATION share a common ownership structure and are engaged in the same type of business.

10. At all relevant times, Defendants FAMOUS CORNER, INC. d/b/a GRILL POINT and JOHN DOE CORPORATION, were enterprises "engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff and the FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

16. In 2008, Plaintiff ARELLANO was hired by Defendants and/or their predecessors, as applicable, to work as a dishwasher and salad preparer for Defendants' restaurant located at 69-54 Main St., Flushing, NY 11367. Plaintiff was also required to work for a second restaurant, on an as-needed basis.

17. Plaintiff worked for Defendants until on or about August 1, 2014.

18. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week.

19. Specifically, Plaintiff worked six (6) days a week for ten (10) hours per day. Plaintiff received his compensation on a salary basis, at a rate of $650 per week. Defendant paid Plaintiff

4

his salary partly in cash and partly by check. While Plaintiff's salary was fixed at $650 per week, the cash and check portions of the salary paid to Plaintiff varied from week to week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

20. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and the FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

21. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

22. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

23. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

24. Defendants willfully violated Plaintiff's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff was a non-exempt employee who must be paid on an hourly basis.

25. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, each of Defendants, FAMOUS CORNER, INC. d/b/a GRILL POINT  and JOHN DOE CORPORATION, had gross revenues in excess of $500,000.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

31. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

32. Records, if any, concerning the number of hours worked by Plaintiff and the FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this

case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

34. Defendants failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

37. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

38. Plaintiff realleges and reavers Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

40. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

41. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

42. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

43. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

44. Defendants willfully violated Plaintiff's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

45. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid spread of hours premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

      provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

g.    An award of statutory penalties, and prejudgment and postjudgment interest;

h.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 7, 2016

    Respectfully submitted,

    LEE LITIGATION GROUP, PLLC
    C.K. Lee (CL 4086)
    Anne Seelig (AS 3976)
    30 East 39th Street, Second Floor
    New York, NY 10016
    Tel.: 212-465-1188
    Fax: 212-465-1181
    *Attorneys for Plaintiff and FLSA Collective Plaintiffs*

    By:   /s/ C.K. Lee
          C.K. Lee, Esq. (CL 4086)